**Harry CARTER, Plaintiff,**

**v.**

**COUNTY OF ALLEGHENY, its Commissioners, James Flaherty, Robert Pierce and Thomas Foerster, and their designees, Defendants.**

**Civ. A. No. 77–1131.**

United States District Court, W. D. Pennsylvania.

Oct. 9, 1980.

---

George W. Shields, Pittsburgh, Pa., for plaintiff.

Alexander J. Jaffurs, County Sol., Pittsburgh, Pa., Thomas H. M. Hough, Pittsburgh, Pa., for defendants.

## PRELIMINARY STATEMENT, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

### Preliminary Statement

SIMMONS, District Judge.

This is an action for backpay, damages and other legal and equitable relief for alleged deprivation of civil rights by discrimination because of race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., (hereinafter Title VII), Section One of the Rights Act of 1866, presently codified at 42 U.S.C. § 1981, (hereinafter § 1981), and the Fifth and Fourteenth Amendments to the United States Constitution. Although the procedural history of this case, beginning with the plaintiff's initial filing of a charge February 10, 1976, with the Equal Employment Opportunity Commission (hereinafter EEOC), reveals a multitude of alleged discriminatory acts, the plaintiff at the trial of this case offered evidence of three possible bases of recovery.

First, that the defendant discriminated against the plaintiff by failing to transfer the plaintiff to the position of driver in the transportation division of the Allegheny County Department of Property and Supplies.

Second, that the defendant, in retaliation for plaintiff's filing of a charge of employment discrimination with the EEOC, harrassed the plaintiff by changing his job assignment and by issuing groundless reprimands to the plaintiff.

The defendant has countered that the plaintiff has not complied with Title VII and that there has been no violation of any statutory or constitutional provision.

### Findings of Fact

1. The plaintiff filed a charge with the EEOC on February 10, 1976, alleging that the defendant has failed to promote or transfer the plaintiff into positions for which he was qualified and into which white employees with less qualifications than the plaintiff had been promoted and transferred.

2. The above captioned case was filed in this Court on September 29, 1977.

3. Plaintiff filed a second charge with the EEOC on April 14, 1976, alleging retaliatory acts by the defendant as reprisals for the initial charge. This charge was dismissed by the EEOC without a finding of probable cause and the plaintiff was sent a "right to sue" letter on July 2, 1976. Because this above captioned action was filed more than ninety days after plaintiff's receipt of this "right to sue" letter, that charge is no longer part of plaintiff's claim in this action.

4. EEOC sent notice of plaintiff's "right to sue" letter dated June 28, 1977, to plaintiff in care of his then lawyer, Michael L. Snyder, Esq., of Kaufmann and Harris, 624 Oliver Building, Pittsburgh, Pennsylvania 15222, and said letter was received by said attorney on June 30, 1977.

5. Plaintiff did not file this action until September 29, 1977, more than ninety (90) days after the Justice Department sent plaintiff notice of his right to sue under Title VII based upon plaintiff's February 10, 1976, charge filed with the Equal Employment Opportunity Commission.

6. Plaintiff never applied for the position of driver in the Allegheny County Department of Property and Supplies.

7. The defendant, Allegheny County, has not employed any new drivers in the Department of Property and Supplies since 1974.

8. The defendant, Allegheny County, has not replaced any drivers in the Department of Property and Supplies who have retired since 1974.

9. Mr. Andrews was listed on the payroll as a driver for approximately two months in 1976, but he never performed any of the duties of a driver because it was physically impossible for him to do so. Placing Mr. Andrews in the driver's slot was purely an administrative convenience that permitted the defendant, Allegheny County to move Mr. Andrews from one position to another during a transition from one administration to the next.

10. To the extent that Mr. Nerone or Mr. Group discouraged plaintiff from applying for a position as a driver, they only explained fairly and accurately that plaintiff's contemplated move from one bargaining unit to another involved potential consequences unforeseen by plaintiff because of the change in his seniority status if he moved.

11. William Andrews was not employed by the defendant, Allegheny County, to perform the duties of a driver in the Department of Property and Supplies.

12. William Andrews never performed any of the duties of a driver and is not physically able to perform those duties.

13. William Andrews was listed on the payroll records as a driver in the Allegheny County Department of Property and Supplies as an administrative and clerical convenience.

14. Plaintiff's work site was changed in 1976, but this change was not a demotion or a change in job classification and plaintiff continued to be assigned duties within his job description prior to the change of his work site.

15. Plaintiff suffered no reduction in salary as a result of his change in work site.

16. The change in plaintiff's work site in 1976, was part of a reorganization of the Department of Property and Supplies.

17. Prior to the indefinite suspension of November 22, 1976, plaintiff did not grieve any discipline issued him during 1976.

18. Plaintiff's grievance of his November 22, 1976, suspension was never taken to arbitration.

19. At a November 22, 1976, meeting of Property and Supplies employees that had been called by and was conducted by management, the plaintiff twice requested and was twice denied permission to speak on a subject that had been excluded from the meeting by the management representative conducting the meeting.

20. Plaintiff at that November 22, 1976, meeting called and conducted by management spoke on a subject that had been excluded from that meeting by management's representative conducting that meeting after plaintiff had been twice denied permission to speak on the subject.

21. Plaintiff at that November 22, 1976, meeting was insubordinate by his repeated disregard of the directions of management at that meeting.

22. Plaintiff at that November 22, 1976, meeting was suspended indefinitely for his insubordination.

23. Plaintiff demanded that as a condition of his return to work after his indefinite suspension of November 22, 1976, that he be given power to approve any future change in his work site.

24. Plaintiff orally and voluntarily resigned his position during a telephone conversation with Donald Group before his discharge, but defendants did not accept his resignation at the time.

## CONCLUSIONS OF LAW

1. Commencement of suit within ninety days of notice of right to sue is a jurisdictional prerequisite to an individual filing a Title VII action. Because this Title VII action was filed more than ninety days after plaintiff was sent and plaintiff's attorney received notice of plaintiff's right to

sue under Title VII based upon plaintiff's February 10, 1976, charge and plaintiff's April 14, 1976, charge, this Court does not have jurisdiction of this Title VII complaint.

■ Each party is deemed bound by acts of his lawyer–agent, and is considered to have notice of all facts, notice of which can be charged upon his attorney. *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, rehearing denied 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112. See also *Smith v. Joseph Horne Co.*, 438 F.Supp. 1207 (D.C. 1977).

■ 2. The Plaintiff has failed to show any intent or action on the part of the defendants to discriminate against the plaintiff because of his race, and the defendants have, therefore, not violated 42 U.S.C. § 1981, nor have they violated the Fifth or Fourteenth Amendments to the United States Constitution in this matter. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, for the proper quantum of proof.

### ORDER

AND NOW this 9th day of OCTOBER, 1980, IT IS THE ORDER OF THIS COURT, that judgment is and shall be entered in favor of Defendants. Each party shall bear its own costs.